IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:06CR719-3 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE JAMES G. CARR |
| | ) | |
| -vs- | ) | |
| | ) | |
| WASSIM MAZLOUM, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **RIGHT TO PRESENT EVIDENCE** |
| Defendant. | ) | |
| | ) | |

Now comes defendant, Wassim Mazloum, by and through his undersigned counsel, and presents this Court with his memorandum in support of the proposition that the Sixth Amendment right to present evidence trumps any evidentiary rule which may prohibit its introduction.  See *Holmes v. South Carolina*, 547 U.S. 319 (2006), infra.

Respectfully submitted,


 S/David L. Doughten
DAVID L. DOUGHTEN (#0002847)
4403 St. Clair Avenue
Cleveland, OH 44103
(216) 361-1112
Fax: (216) 881-3928
Email: ddoughten@yahoo.com

1

s/Mohammed Abdrabboh                                      S/ Jeffrey J. Helmick
Mohammed Abdrabboh                                      Jeffrey J. Helmick (0040197)
1620 Ford Avenue                                            1119 Adams Street, 2nd Floor
Wyandotte, Michigan  48192                           Toledo, OH  43604
(734) 283-7000                                              (419) 243-3800

## CERTIFICATE OF SERVICE

I hereby certify that on the  22nd  day of May, 2008, copy of the foregoing was filed

electronically.  Parties may access this filing through the Court's system.  Notice of this filing

will be sent by operation of the Court's electronic filing system.

S/David L. Doughten
DAVID L. DOUGHTEN
Counsel for Defendant

## MEMORANDUM IN SUPPORT

**Overview**

"[S]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *United States* v. *Scheffer,* 523 U.S. 303, 308, (1998); see also *Crane* v. *Kentucky,* 476 U.S. 683, 689-690, (1986); *Marshall* v. *Lonberger,* 459 U.S. 422, 438, n. 6, (1983); *Chambers* v. *Mississippi,* 410 U.S. 284, 302-303,  (1973); *Spencer* v. *Texas,* 385 U.S. 554, 564, (1967). This latitude, however, has limits. "Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" *Crane supra,* 476 U.S. at 690, (quoting *California* v. Trombetta, 467 U.S. 479, 485, 104 S. Ct. 2528, 81 L. Ed. 2d 413 (1984); citations omitted). This right is abridged by evidence rules that "infring[e] upon a weighty interest of the accused" and are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'"  *Scheffer supra,* 523 U.S.at 308,  (quoting *Rock* v. *Arkansas,* 483 U.S. 44, 58, 56, (1987))

The phrase "right to present a defense" is a talisman for the 6th Amendment right to compulsory process (even though the original cases were necessarily 14th Am. "due process" cases. In his concurring opinion in *California v. Green*, 399 U.S. 149, 176, 90 S.Ct. 1930, 1944, 26 L.Ed.2d 489 (1970), Justice Harlan indicated that the compulsory process and confrontation clauses of the Sixth Amendment "constitutionalize the right to a defense as we know it." and in Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967) the court said "The right to offer the testimony of witnesses and to compel their attendance, if necessary, is in plain terms the right to present the defense."

3

It is argued here that the rules of evidence unfairly prevent defendant Mazloum from introducing evidence that cannot otherwise be considered by the evidence. Even if Mazloum took the stand, he could not testify as to the content of his conversation with a friend as to his understanding of Islam and military jihad.  This evidence is central to his defense of no intend to join the alleged conspiracy.

**Supreme Court Holdings**

The Supreme Court has long held that an accused's right to "establish a defense" is a "fundamental element of due process." *Washington v. Texas*, 388 U.S. 14, 19 (1967). state statutes barred a person who had been charged as a participant in a crime from testifying in defense of another alleged participant unless the witness had been acquitted.  As a result, when the defendant in *Washington* was tried for murder, he was precluded from calling as a witness a person who had been charged and previously convicted of committing the same murder. Holding that the defendant's right to put on a defense had been violated, we noted that the rule embodied in the statutes could not "even be defended on the ground that it rationally sets apart a group of persons who are particularly likely to commit perjury" since the rule allowed an alleged participant to testify if he or she had been acquitted or was called by the prosecution. Id., 388 U.S. at 22-23, 87 S. Ct. 1920, 18 L. Ed. 2d 1019.

In *Washington*, the Court was called upon for the first time "to decide whether the right of an accused to have compulsory process for obtaining witnesses in his favor, guaranteed in federal trials by the Sixth Amendment, is so fundamental and essential to a fair trial that it is incorporated in the Due Process Clause of the Fourteenth Amendment."  *Id.* at 17-18. Relying on *In re Oliver*, the Court observed that, among other things, an accused''s right "'to offer

testimony'" is a basic component of his right to offer a defense. *Id.* at 18 (quoting *In re Oliver*, 333 U.S. 257, 273 (1948)). The Court therefore concluded that "[t]he right to offer testimony of witnesses and to compel their attendance [] is in plain terms the right to present a defense"" because "[j]ust as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense." *Id.* at 19. It is then up to the jury to "decide where the truth lies." *Id.*

The Court held consistently since the above under the *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973),( murder defendant called as a witness a man named McDonald, who had previously confessed to the murder. When McDonald repudiated the confession on the stand, the defendant was denied permission to examine McDonald as an adverse witness based on the State's "'voucher' rule," which barred parties from impeaching their own witnesses) and *Washington v. Texas*, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), line of cases. These cases, state, in effect, that the constitutional right to present a defense trumps evidentiary rules that may exclude evidence favorable to the defense or impeaching of the government's case.  In *Chambers*, the Supreme Court held that the right to present a defense entitled the defense to introduce technically inadmissible hearsay evidence

The Court spoke again on the constitutional significance of allowing a defendant to present testimony in connection with his defense in *Crane v. Kentucky*, 476 U.S. 683 (1986). Specifically, in *Crane*, the Court held that the exclusion of testimony surrounding the circumstances of a defendant's confession deprived the defendant of his fundamental right——whether under the Due Process Clause of the Fourteenth Amendment or under the Compulsory Process or Confrontation Clauses of the Sixth Amendment——to present a defense.

5

*Id.* at 690-91. The Court reasoned that the opportunity to be heard "would be an empty one if the State were permitted to exclude competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of innocence." *Id.*  As a result, the Court concluded that the "exclusion of this kind of exculpatory evidence deprives a defendant of the basic right to have the prosecutor's case encounter and 'survive the crucible of meaningful adversarial testing.'" *Id.* at 690-91 (quoting *United States v. Cronic*, 466 U.S. 648, 656 (1984)).

In *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974), the Court examined an accused's right to present a defense in the context of the cross-examination of witnesses offered against him.  A state confidentiality law prevented the impeachment of a key prosecution witness.  The defendant in *Davis* sought to discredit a government witness by showing the existence of possible bias and prejudice. *Id.* Specifically, the petitioner sought to question a key witness for the prosecution regarding the witness' adjudication as a juvenile delinquent and his probation status in order to demonstrate that the witness identified the petitioner as the perpetrator out of fear of possible probation revocation. *Id.* at 310-11.

The trial court refused to allow the petitioner to cross-examine the witness as to his probationary status as a juvenile offender based on a state statute protecting the anonymity of juvenile offenders. *Id.* at 311. As a result, the petitioner's counsel "did his best" to expose the witness's state of mind at the time, but much of the witness' testimony went unchallenged. *Id.* at 312-14. The petitioner was convicted, and his appeal made its way to the Alaska Supreme Court which affirmed the petitioner''s conviction, concluding that "'counsel for the defendant was able

adequately to question the youth in considerable detail concerning the possibility of bias or

motive.'" *Id.* 314-15.

The Supreme Court granted certiorari limited to the question of whether the petitioner

was denied his constitutional right to adequately cross-examine the witness, which "turn[ed] on

the correctness of the Alaska court''s evaluation of the ''adequacy'' of the scope of cross-

examination permitted.''" *Id.*  The Court reversed, finding that it could not "accept the Alaska

Supreme Court''s conclusion that the cross-examination that was permitted defense counsel was

adequate to develop the issue of bias properly to the jury." *Id.* at 318. The Court reasoned:

> While counsel was permitted to ask [the witness] whether he was biased, counsel
> was unable to make a record from which to argue why [the witness] might have
> been biased or otherwise lacked that degree of impartiality expected of a witness
> at trial. On the basis of the limited cross-examination that was permitted, the jury
> might well have thought that defense counsel was engaged in a speculative and
> baseless line of attack on the credibility of an apparently blameless witness or, as
> the prosecutor''s objection put it, a ''rehash'' of prior cross-examination. On
> these facts, it seems clear to us that to make any such inquiry effective, defense
> counsel should have been permitted to expose to the jury the facts from which
> jurors, as the sole triers of fact and credibility, could appropriately draw
> inferences relating to the reliability of the witness.

*Id.* (emphasis added).

In sum, the right to cross examine trumped the Alaska confidentiality laws.

Holmes v. South Carolina

Perhaps the most recent directive of the Supreme Court on the subject is *Holmes v. South*

*Carolina*, 547 U.S. 319 (2006).  In *Holmes*, a South Carolina law prevented a defense admission

of favorable defense evidence based upon the overwhelming evidence of guilt standard.  The

Court noted that although state and federal rulemakers have broad latitude under the U.S.

Constitution to establish rules excluding evidence from criminal trials, there are limits as the

7

ability of the courts ability for preclude material evidence of the defense case.  Whether rooted directly in the *Due Process Clause of the Fourteenth Amendment* or in the Compulsory Process or *Confrontation clauses of the Sixth Amendment*, the U.S. Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense.  This right is abridged by evidence rules that infringe upon a weighty interest of the accused and are arbitrary or disproportionate to the purposes they are designed to serve.

This latitude, however, has limits. While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.  The Constitution permits judges "to exclude evidence that is 'repetitive . . ., only marginally relevant' or poses an undue risk of 'harassment, prejudice,  [or] confusion of the issues." *Crane, supra*.

The evidence sought to be introduced here is neither repetitive or marginally relevant.

Respectfully submitted,

 S/David L. Doughten
David L. Doughten


s/Mohammed Abdrabboh                                          S/ Jeffrey J. Helmick
Mohammed Abdrabboh                                            Jeffrey J. Helmick

8